| PROB 22 (Rev. 2/88) | **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Tran. Court)* 2:17CR00005-2 |
| --- | --- | --- | --- |
| | | | DOCKET NUMBER *(Rec. Court)* 1:21-cr-179-LM-01 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Saquon Moore District of New Hampshire | DISTRICT DISTRICT OF VERMONT | DIVISION | |
| --- | --- | --- | --- |
| | NAME OF SENTENCING JUDGE The Honorable Christina Reiss | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 6/29/2020 | TO 6/28/2024 |

OFFENSE

Conspiracy to Distribute Fentanyl & 28 Grams or More of Cocaine Base

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of New Hampshire upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

10/18/21

*Date*

*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

October 20, 2021

*Effective Date*

*United States District Judge*

CLOSED

# U.S. District Court
## District of Vermont (Burlington)
## CRIMINAL DOCKET FOR CASE #: 2:17−cr−00005−cr−2

Case title: USA v. Phillips et al
Magistrate judge case number:  2:17−mj−00006−jmc

Date Filed: 01/26/2017
Date Terminated: 04/30/2018

Assigned to: Judge Christina
Reiss

**Defendant (2)**

**Saquon Moore**
*TERMINATED: 04/30/2018*
*also known as*
Jim
*TERMINATED: 04/30/2018*
*also known as*
Jay
*TERMINATED: 04/30/2018*
*also known as*
Six
*TERMINATED: 04/30/2018*

represented by **Brooks G. McArthur , Esq.**
Jarvis, McArthur & Williams, LLC
95 St. Paul Street, Suite 2E
P.O. Box 902
Burlington, VT 05402−0902
(802) 658−9411
Fax: (802) 658−3551
Email: bmcarthur@jarvismcarthur.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kevin A. Lumpkin , Esq.**
Sheehey Furlong & Behm P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402−0066
(802) 864−9891
Fax: (802) 864−6815
Email: klumpkin@sheeheyvt.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

21:841(a), 841(b)(1)(B),
841(b)(1)(C), and 846.F
CONSPIRACY TO
DISTRIBUTE NARCOTICS−
conspiracy to distribute fentanyl
and cocaine base
(1sss)

**Disposition**

Imprisonment for a term of 63 months followed by 4
years S/R with conditions.

**Highest Offense Level
(Opening)**

Felony

**Terminated Counts**

21:841(a), 841(b)(1)(B), 18:2.F
NARCOTICS − POSSESSION−
possessed with intent to distribute
cocaine base
(1)

**Disposition**

Dismissed

Dismissed

21:841(a), 841(b)(1)(B) and
846.F CONSPIRACY TO
DISTRIBUTE NARCOTICS −
knowingly conspired to distribute
fentanyl and cocaine base
(1s)

21:841(a0, 841(b)(1)(B),
841(b)(1)(C), and 846.F
CONSPIRACY TO
DISTRIBUTE NARCOTICS−                    Dismissed
conspiracy to distribute fentanyl
and cocaine base
(1ss)

21:841(a), 841(b)(1)(C); 18:2.F
NARCOTICS − SELL,
DISTRIBUTE, OR DISPENSE −               Dismissed
knowingly distributed cocaine
base
(7s)

21:841(a), 841(b)(1)(C); 18:2.F
NARCOTICS − SELL,
DISTRIBUTE, OR DISPENSE−                Dismissed
knowingly distributed cocaine
base
(7ss)

21:841(a), 841(b)(1)(C); 18:2.F
NARCOTICS − SELL,
DISTRIBUTE, OR DISPENSE−                Dismissed
distribution of cocaine base
(7sss)

21:841(a), 841(b)(1)(C).F
NARCOTICS − SELL,
DISTRIBUTE, OR DISPENSE −               Dismissed
knowingly distributed cocaine
base
(8s−9s)

21:841(a), 841(b)(1)(C).F
NARCOTICS − SELL,
DISTRIBUTE, OR DISPENSE−                Dismissed
knowingly distributed cocaine
base
(8ss−9ss)

21:841(a), 841(b)(1)(C).F
NARCOTICS − SELL,
DISTRIBUTE, OR DISPENSE−                Dismissed
distribution of cocaine base
(8sss−9sss)

21:841(a), 841(b)(1)(B); 18:2.F
NARCOTICS − POSSESSION −
knowingly possessed with intent          Dismissed
to distribute cocaine base
(10s)

21:841(a), 841(b)(1)(B); 18:2.F
NARCOTICS − POSSESSION−
knowingly possessed with intent          Dismissed
to distribute cocaine base
(10ss)

21:841(a), 841(b)(1)(B); 18:2.F         Dismissed
NARCOTICS − POSSESSION−

possessed with intent to distribute
cocaine base
(10sss)

21:841(a), 841(b)(1)(B); 18:2.F
NARCOTICS − POSSESSION −
knowingly possessed with intent                          Dismissed
to distribute fentanyl
(11s)

21:841(a), 841(b)(1)(C); 18:2.F
NARCOTICS − POSSESSION−
knowingly possessed with intent                          Dismissed
to distribute fentanyl
(11ss)

21:841(a), 841(b)(1)(B); 18:2.F
NARCOTICS − POSSESSION−
possessed with intent to distribute                      Dismissed
fentanyl
(11sss)

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                                           **Disposition**

21:841(a), (b)(2)(C).F −
NARCOTICS − POSSESSION −
possession with intent to
distribute cocaine base

---

**Plaintiff**

**USA**                                  represented by   **John J. Boscia , AUSA**
                                                          United States Attorney's Office
                                                          District of Vermont
                                                          P.O. Box 570
                                                          Burlington, VT 05402−0570
                                                          802−951−6725
                                                          Email: John.J.Boscia@usdoj.gov
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Assistant US Attorney*

                                                          **Jonathan Ophardt , AUSA**
                                                          United States Attorney's Office
                                                          District of Vermont
                                                          P.O. Box 570
                                                          Burlington, VT 05402−0570
                                                          (802) 951−6725
                                                          Email: Jon.Ophardt@usdoj.gov
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2017 | 1 | COMPLAINT as to Rashad R. Phillips (1), Saquon Moore (2). Signed by Judge John M. Conroy on 1/25/2017. (Attachments: # 1 Affidavit of Dwayne A. Mellis) (hbc) [2:17−mj−00006−jmc] (Entered: 01/25/2017) |
| 01/25/2017 | 6 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Initial Appearance as to Rashad R. Phillips, Saquon Moore held on 1/25/2017. Deft Phillips present with Michael Desautels, FPD; deft Moore present with Brooks McArthur, Esq. |

| | | |
|---|---|---|
| | | and Jon Ophardt, AUSA present for Govt. Clerk swears defts and the Court makes inquiries. ORDERED: Counsel present are appointed on behalf of the defts. Statements by counsel re: scheduling. ORDERED: On the Court's own motion the Detention Hearing is set as to both defts for 1/27/2017 at 02:00 PM in Burlington Courtroom 440 before Judge John M. Conroy. (Court Reporter: recorded) (jjj) [2:17−mj−00006−jmc] (Entered: 01/26/2017) |
| 01/25/2017 | 8 | ORDER SCHEDULING A DETENTION HEARING as to Rashad R. Phillips, Saquon Moore. Detention Hearing set for 1/27/2017 at 02:00 PM in Burlington Courtroom 440 before Judge John M. Conroy. Signed by Judge John M. Conroy on 1/25/2017. (jjj) [2:17−mj−00006−jmc] (Entered: 01/26/2017) |
| 01/25/2017 | 3 | MOTION for Detention by USA as to Saquon Moore (2). (hbc) [2:17−mj−00006−jmc] (Entered: 01/25/2017) |
| 01/25/2017 | | CJA 20: Appointment of Brooks G. McArthur, Esq for Saquon Moore. Signed by Deputy Clerk on 1/25/2017. (law) [2:17−mj−00006−jmc] (Entered: 01/25/2017) |
| 01/25/2017 | 5 | CJA 23 Financial Affidavit by Saquon Moore. (Document image is sealed) (jjj) [2:17−mj−00006−jmc] (Entered: 01/26/2017) |
| 01/26/2017 | | CJA 20: Appointment of Kevin A. Lumpkin, Esq. (training panel) for Saquon Moore. Signed by Deputy Clerk on 1/26/2017. (law) [2:17−mj−00006−jmc] (Entered: 01/26/2017) |
| 01/26/2017 | 10 | INDICTMENT as to Rashad R. Phillips (1) count(s) 1, Saquon Moore (2) count(s) 1. (pac) (Entered: 01/26/2017) |
| 01/27/2017 | 11 | SUPPLEMENTAL MOTION for Detention by USA as to Rashad R. Phillips, Saquon Moore. (Attachments: # 1 Exhibit 1)(Ophardt, Jonathan) (Entered: 01/27/2017) |
| 01/27/2017 | 12 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Arraignment and Detention Hearing as to Rashad R. Phillips, Saquon Moore held on 1/27/2017. Deft Phillips present with Steven Barth, AFPD; deft Moore present with Borrks McArthur, Esq. and Kevin Lumpkin, Esq.; Wendy Fuller,AUSA present for the Govt. Clerk swears defts and the Court makes Inquiries. Defts pled not guilty to Ct 1 of the Indictment. Statements by counsel. ORDERED: as to Rashad R. Phillips, Saquon Moore: 2 3 Motions for Detention and 11 Supplemental Motion for Detention as to defts are granted. Motions due by 4/28/2017. (Court Reporter: recorded) (jjj) (Entered: 01/27/2017) |
| 01/27/2017 | 13 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Rashad R. Phillips, Saquon Moore. Motions due by 4/28/17. Time excluded from 1/27/17 to 4/28/17. Signed by Judge John M. Conroy on 1/27/2017. (jjj) (Entered: 01/27/2017) |
| 01/27/2017 | 15 | ORDER OF DETENTION as to Saquon Moore. Signed by Judge John M. Conroy on 1/27/2017. (jjj) (Entered: 01/27/2017) |
| 02/06/2017 | 16 | APPLICATION for Search Warrant re: Seven electronic devices, further described in Attachment A, currently stored at the Burlington Police Department in Burlington, Vermont as to Rashad R. Phillips, Saquon Moore. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Affidavit of Kevin Kadish, # 4 Exhibit 1, # 5 Exhibit 2) (pac) (Entered: 02/06/2017) |
| 02/21/2017 | 18 | SEARCH AND SEIZURE WARRANT RETURNED Executed on 2/6/2017 re: Seven electronic devices as to Rashad R. Phillips, Saquon Moore. (Attachments: # 1 Attachment A, # 2 Attachment B)(law) (Entered: 02/21/2017) |
| 03/22/2017 | 19 | MOTION for Release from Custody *To Allow Defendant To Participate In Substance Abuse Treatment* by Saquon Moore. (Attachments: # 1 Certificate of Service)(McArthur, Brooks) (Entered: 03/22/2017) |
| 03/23/2017 | | MOTION(S) REFERRED to Magistrate Judge as to Saquon Moore: 19 MOTION for Release from Custody *To Allow Defendant To Participate In Substance Abuse Treatment*. (pac) (Entered: 03/23/2017) |
| 03/27/2017 | 20 | NOTICE OF HEARING as to Saquon Moore re: 19 Motion for Release from Custody To Allow Defendant To Participate In Substance Abuse Treatment. Motion Hearing set for 4/5/2017 at 01:30 PM in Burlington Courtroom 440 before Judge John M. |

| | | |
|---|---|---|
| | | Conroy.(jjj) (Entered: 03/27/2017) |
| 04/05/2017 | 21 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Motion Hearing as to Saquon Moore held on 4/5/2017 re 19 Motion for Release from Custody To Allow Defendant To Participate In Substance Abuse Treatment. Deft present with Brooks McArthur, Esq., Kevin Lumpkin, Esq. and Jon Ophardt, AUSA present for Govt. ORDERED: Motion denied. (Court Reporter: recorded) (jjj) (Entered: 04/05/2017) |
| 04/20/2017 | 22 | SUPERSEDING INDICTMENT as to Rashad R. Phillips (1) count(s) 1s, 2s, 3s−4s, 5s, 6s, 10s, 11s, Saquon Moore (2) count(s) 1s, 7s, 8s−9s, 10s, 11s, William Theodore (3) count(s) 1, 7, Michelle West (4) count(s) 1, 12. (law) (Entered: 04/20/2017) |
| 04/21/2017 | 27 | REDACTED SUPERSEDING INDICTMENT as to Rashad R. Phillips, Saquon Moore. (pac) (Entered: 04/21/2017) |
| 05/02/2017 | 28 | NOTICE OF HEARING as to Rashad R. Phillips, Saquon Moore: Arraignment on Superseding Indictment set for 5/17/2017 at 11:30 AM in Burlington Courtroom 440 before Judge John M. Conroy.(jjj) (Entered: 05/02/2017) |
| 05/02/2017 | 29 | REDACTED SUPERSEDING INDICTMENT as to Rashad R. Phillips, Saquon Moore, Michelle West. (law) (Entered: 05/02/2017) |
| 05/02/2017 | 33 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Michelle West. Motions due by 7/6/17. Time excluded from 5/2/17 to 7/6/17. Signed by Judge John M. Conroy on 5/2/2017. (jjj) Text clarified on 5/4/2017 (jlh). (Entered: 05/03/2017) |
| 05/04/2017 | 37 | NOTICE OF DOCKET ENTRY CORRECTION as to Rashad R. Phillips, Saquon Moore, Michelle West re: 33 Criminal Pretrial Scheduling Order. Docket text has been clarified to show that time excluded is from 5/2/17 to 7/6/17. (jlh) (Entered: 05/04/2017) |
| 05/17/2017 | 39 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Arraignment as to Rashad R. Phillips and Saquon Moore held on 5/17/2017. Deft Phillips present with Steven Barth, AFPD and deft Morre present with Brooks McArthur, Esq., Jon Ophardt, AUSA present for Govt. Deft Phillips pled not guilty to Cts 1−6,10,11 ; deft Moore pled not guilty to Cts 1, 7−11 of Superseding Indictment. ORDERED: Motions due by 7/6/2017. (Court Reporter: recorded) (jjj) (Entered: 05/17/2017) |
| 05/17/2017 | 40 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Rashad R. Phillips, Saquon Moore,. Motions due by 7/6/17. Time excluded from 5/17/17 to 7/6/17. Signed by Judge John M. Conroy on 5/17/2017. (jjj) (Entered: 05/17/2017) |
| 06/01/2017 | 41 | SECOND SUPERSEDING INDICTMENT as to Rashad R. Phillips (1) count(s) 1ss, 2ss, 3ss−4ss, 5ss, 6ss, 10ss, 11ss, Saquon Moore (2) count(s) 1ss, 7ss−9ss, 10ss, 11ss, William Theodore (3) count(s) 1s, 7s, Michelle West (4) count(s) 1s, 12s, Joyce Audette (5) count(s) 1, 13. (pac) (Entered: 06/01/2017) |
| 06/01/2017 | 42 | MOTION to Partially Seal 41 Second Superseding Indictment by USA as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West, Joyce Audette. (pac) (Entered: 06/01/2017) |
| 06/01/2017 | 43 | ORDER granting 42 Motion to Partially Seal 41 Second Superseding Indictment as to Rashad R. Phillips (1), Saquon Moore (2), William Theodore (3), Michelle West (4), Joyce Audette (5). Sealed until arrest of all defendants, at which time all documents shall be unsealed. It is also ordered that a redacted copy of the Second Superseding Indictment be filed. Signed by Judge John M. Conroy on 6/1/2017. (pac) (Entered: 06/01/2017) |
| 06/01/2017 | 44 | REDACTED SECOND SUPERSEDING INDICTMENT as to Rashad R. Phillips, Saquon Moore, Michelle West. (pac) (Entered: 06/01/2017) |
| 06/02/2017 | 45 | NOTICE OF HEARING as to Rashad R. Phillips, Saquon Moore, Michelle West: Arraignment on Second Superseding Indictment set for 6/6/2017 at 11:30 AM in Burlington Courtroom 440 before Judge John M. Conroy.(jjj) (Entered: 06/02/2017) |
| 06/06/2017 | 51 | REDACTED SECOND SUPERSEDING INDICTMENT as to Rashad R. Phillips, Saquon Moore, Michelle West, Joyce Audette. (pac) (Entered: 06/06/2017) |

| 06/06/2017 | 53 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Arraignment as to Rashad R. Phillips present with Steven Barth, Esq., Saquon Moore present with Brooks McArthur, Esq.; Michelle West present with Thomas Sherrer, Esq. and Jon Ophardt, AUSA present for Govt held on 6/6/2017. The Court enters and not a guilty plea to Cts 1,12 on behalf of deft West, deft Phillips pled not guilty to Cts 1−6,10,11 and deft Moore pled not guilty to Cts 1,7,8−11 of the Second Superseding Indictment. The Court advises counsel that a new motion filing deadline will be set later today when a co−deft appears before the Court for the first time. (Court Reporter: recorded) (jjj) (Entered: 06/06/2017) |
|---|---|---|
| 06/06/2017 | <u>57</u> | CRIMINAL PRETRIAL SCHEDULING ORDER as to Rashad R. Phillips, Saquon Moore, Michelle West, Joyce Audette. Motions due by 9/7/17. Time excluded from 6/6/17 to 9/7/17. Signed by Judge John M. Conroy on 6/6/2017. (jjj) (Entered: 06/07/2017) |
| 06/28/2017 | | SECOND SUPERSEDING INDICTMENT UNSEALED as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West, Joyce Audette pursuant to notification of dft Theordore's arrest. (law) (Entered: 06/28/2017) |
| 07/10/2017 | <u>74</u> | CRIMINAL PRETRIAL SCHEDULING ORDER as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West, Joyce Audette. Motions due by 10/10/17. Time excluded from 07/10/17 to 10/10/17. Signed by Judge John M. Conroy on 7/10/2017. (jjj) (Entered: 07/10/2017) |
| 07/27/2017 | <u>79</u> | MOTION to Withdraw as Attorney by Saquon Moore. (Attachments: # <u>1</u> Certificate of Service)(McArthur, Brooks) (Entered: 07/27/2017) |
| 07/27/2017 | <u>80</u> | NOTICE OF HEARING as to Saquon Moore re: <u>79</u> MOTION to Withdraw as Attorney : Motion Hearing set for 8/11/2017 at 01:30 PM in Burlington Courtroom 440 before Chief Judge Christina Reiss.(jbr) (Entered: 07/27/2017) |
| 08/11/2017 | 81 | MINUTE ENTRY for proceedings held before Chief Judge Christina Reiss: Motion Hearing as to Saquon Moore held on 8/11/2017 re <u>79</u> MOTION to Withdraw as Attorney. Joseph Perella, AUSA present for gov't. Brooks McArthur, Esq. present with dft. Court makes inquiries. Dft moves to withdraw Motion <u>79</u> . Statements by counsel and dft. ORDERED: Dft's Motion to withdraw Motion <u>79</u> is granted. (Court Reporter: Anne Pierce) (jbr) (Entered: 08/11/2017) |
| 08/14/2017 | 84 | NOTICE OF DOCKET ENTRY REMOVAL as to Saquon Moore: entry terminating counsel has been removed from the docket, entered in error. (law) (Entered: 08/14/2017) |
| 08/15/2017 | <u>85</u> | THIRD SUPERSEDING INDICTMENT as to Rashad R. Phillips (1) count(s) 1sss, 2sss, 3sss−4sss, 5sss, 6sss, 10sss, 11sss, Saquon Moore (2) count(s) 1sss, 7sss, 8sss−9sss, 10sss, 11sss, William Theodore (3) count(s) 1ss, 7ss, Michelle West (4) count(s) 1ss, 12ss, Joyce Audette (5) count(s) 1s, 13s. (pac) (Entered: 08/15/2017) |
| 08/16/2017 | <u>86</u> | NOTICE OF HEARING as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West, Joyce Audette: Arraignment on Third Superseding Indictment set for 8/28/2017 at 11:00 AM in Burlington Courtroom 440 before Judge John M. Conroy.(jjj) (Entered: 08/16/2017) |
| 08/28/2017 | 89 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Arraignment as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West and Joyce Audette held on 8/28/2017. Deft Phillips not present represented by Steven Barth, AFPD, deft Moore present with Brooks McArthur, Esq., deft Theodore not present represented by David Kidney, Esq., deft West present with Mary Kehoe, Esq., deft Audette present with David Watts, Esq. and Barbara Masterson, AUSA present for Govt. The Court enters not guilty plea to Cts 1,2,3,4,5,6,10,11 as to deft Phillips and Cts 1 & 7 as to deft Theodore of Third Superseding Indictment. Deft Moore pled not guilty to Cts 1,7,8,9,10,11, deft West pled not guilty to Cts 1 & 12 and deft Audette pled not guilty to Cts 1 & 13 of Third Superseding Indictment. (Court Reporter: recorded) (jjj) (Entered: 08/28/2017) |
| 09/11/2017 | <u>95</u> | MOTION to Dismiss *Or, In The Alternative,* MOTION For Bill of Particulars by Saquon Moore. (Attachments: # <u>1</u> Certificate of Service)(McArthur, Brooks). Added MOTION for Bill of Particulars on 9/15/2017 (jlh). (Entered: 09/11/2017) |

| 09/19/2017 | 99 | RESPONSE in Opposition to 95 MOTION to Dismiss *Or, In The Alternative,* MOTION for Bill of Particulars by USA as to Saquon Moore. (Ophardt, Jonathan) (Entered: 09/19/2017) |
| 09/28/2017 | 101 | NOTICE OF HEARING as to Saquon Moore re: 95 MOTION to Dismiss *Or, In The Alternative,* MOTION for Bill of Particulars : Motion Hearing set for 10/12/2017 at 02:00 PM in Burlington Courtroom 542 before Chief Judge Christina Reiss.(jbr) (Entered: 09/28/2017) |
| 10/03/2017 | 105 | MOTION for Reconsideration re 15 Order of Detention *and Request For Hearing* by Saquon Moore. (Attachments: # 1 Certificate of Service)(McArthur, Brooks) (Entered: 10/03/2017) |
| 10/11/2017 | 109 | RESPONSE in Opposition to 105 MOTION for Reconsideration re 15 Order of Detention by USA as to Saquon Moore. (Ophardt, Jonathan) (Entered: 10/11/2017) |
| 10/11/2017 | 112 | ORDER granting 107 Unopposed Motion for Extension of Time to File Pretrial Motions filed by Joyce Audette (5). Pretrial motions are due by 11/10/2017. Signed by Chief Judge Christina Reiss on 10/11/2017. (law) (Entered: 10/11/2017) |
| 10/12/2017 | | MOTION(S) REFERRED to Magistrate Judge as to Saquon Moore: 105 MOTION for Reconsideration re 15 Order of Detention. (pac) (Entered: 10/12/2017) |
| 10/16/2017 | 113 | NOTICE OF HEARING as to Saquon Moore re: 105 Motion for Reconsideration re 15 Order of Detention : Motion Hearing set for 10/23/2017 at 09:30 AM in Burlington Courtroom 440 before Judge John M. Conroy.(jjj) (Entered: 10/16/2017) |
| 10/19/2017 | 114 | OPINION AND ORDER denying 95 Motion to Dismiss, or in the alternative, 95 Motion for Bill of Particulars as to Saquon Moore (2). Signed by Chief Judge Christina Reiss on 10/19/2017. (law) (Entered: 10/19/2017) |
| 10/23/2017 | 115 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Motion Hearing as to Saquon Moore held on 10/23/2017 re 105 Motion for Reconsideration re 15 Order of Detention. Deft present with Brooks McArthur, Esq. and Jon Ophardt, AUSA present for Govt. ORDERED: Motion denied. (Court Reporter: recorded) (jjj) (Entered: 10/23/2017) |
| 11/01/2017 | 119 | ORDER granting 118 Unopposed Motion for Extension of Time to File Pretrial Motions filed by Joyce Audette (5). Signed by Chief Judge Christina Reiss on 11/1/2017. *(re−entered to remove from deft Theodore's case)* (law) (Entered: 11/30/2017) |
| 12/05/2017 | 130 | NOTICE OF HEARING as to Saquon Moore: Change of Plea Hearing set for 1/3/2018 at 01:30 PM in Burlington Courtroom 542 before Chief Judge Christina Reiss.(jbr) (Entered: 12/05/2017) |
| 12/08/2017 | 133 | REVISED NOTICE OF HEARING as to Saquon Moore: Change of Plea Hearing set for 1/5/2018 at 01:00 PM in Burlington Courtroom 542 before Chief Judge Christina Reiss.(jbr) (Entered: 12/08/2017) |
| 01/03/2018 | 138 | PLEA AGREEMENT as to Saquon Moore. (Attachments: # 1 Certificate of Service)(law) (Entered: 01/04/2018) |
| 01/05/2018 | 142 | MINUTE ENTRY for proceedings held before Judge Christina Reiss: Change of Plea Hearing as to Saquon Moore held on 1/5/2018. Paul Van de Graaf, AUSA, present for gov't. Brook McArthur, Esq., present with dft. Clerk swears in dft and court makes inquiries. Dft waives reading of the Third Superseding Indictment. Plea Agreement reviewed. Court informs dft of rights being waived. Statement of essential elements and factual basis for the charge read by gov't. Court informs dft of maximum penalties. Guilty plea entered as to count 1sss of the Third Superseding Indictment. Court accepts guilty plea and Plea Agreement. ORDERED: dft remains detained pending sentencing. Sentencing set for 4/30/2018 at 10:00 AM in Burlington Courtroom 542 before Judge Christina Reiss. (Court Reporter: Anne Pierce) (jbr) (Entered: 01/05/2018) |
| 01/05/2018 | 143 | NOTICE OF HEARING as to Saquon Moore: Sentencing set for 4/30/2018 at 10:00 AM in Burlington Courtroom 542 before Judge Christina Reiss.(jbr) (Entered: 01/05/2018) |

| 01/05/2018 | 144 | PROCEDURAL AND SCHEDULING ORDER as to Saquon Moore: **Sentencing Memoranda are due by 4/20/2018**. Sentencing set for 4/30/2018 at 10:00 AM before Judge Christina Reiss. Signed by Judge Christina Reiss on 1/5/2018. (jbr) (Entered: 01/05/2018) |
|---|---|---|
| 04/16/2018 | 168 | STATEMENT RE: PRESENTENCE REPORT by Saquon Moore. (pac) (Entered: 04/16/2018) |
| 04/19/2018 | 170 | SENTENCING MEMORANDUM by Saquon Moore (Attachments: # 1 Certificate of Service)(McArthur, Brooks) (Entered: 04/19/2018) |
| 04/22/2018 | 171 | SENTENCING MEMORANDUM and MOTION for Upward Departure by USA as to Saquon Moore (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ophardt, Jonathan) Event/text clarified on 4/23/2018 (law). (Entered: 04/22/2018) |
| 04/30/2018 | 175 | MINUTE ENTRY for proceedings held before Judge Christina Reiss: Sentencing held on 4/30/2018 for Saquon Moore. Jonathan Ophardt, AUSA present for gov't. Brook McArthur, Esq. present with dft. The court adopts the PSR as its findings of fact. Statements by counsel. Gov't moves to withdraw 171 MOTION for Upward Departure. ORDERED: granted. Statements by counsel and dft. SENTENCE: imprisonment for a term of 63 months followed by 4 years S/R with conditions. Court makes recommendations to BOP. Fines waived. S/A of $100.00 due immediately. Gov't moves to dismiss the remaining counts. ORDERED: motion granted. (Court Reporter: Anne Pierce) (jbr) (Entered: 04/30/2018) |
| 04/30/2018 | 176 | JUDGMENT as to Saquon Moore. Signed by Judge Christina Reiss on 4/30/2018. (jbr) (Entered: 04/30/2018) |
| 07/11/2018 | 192 | TRANSCRIPT of Sentencing as to Saquon Moore held on April 30, 2018, before Judge Christina Reiss. Court Reporter/Transcriber Anne Nichols Pierce, telephone number (802) 860−2227. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/6/2018. Redacted Transcript Deadline set for 8/16/2018. Release of Transcript Restriction set for 10/12/2018. (law) (Entered: 07/11/2018) |
| 08/13/2018 | | ATTORNEY UPDATE as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West, Joyce Audette. Attorney John J. Boscia, AUSA for USA added. Pursuant to notification from the U.S. Attorney's Office. (law) (Entered: 08/13/2018) |
| 09/27/2018 | | ATTORNEY UPDATE as to Rashad R. Phillips, Saquon Moore, William Theodore, Michelle West, Joyce Audette. Attorney Jonathan Ophardt, AUSA terminated. Pursuant to notification from the U.S. Attorney's Office. (law) (Entered: 09/27/2018) |
| 05/20/2020 | 248 | EMERGENCY MOTION for Compassionate Release by Saquon Moore. (Attachments: # 1 Exhibit A)(McArthur, Brooks) Event/text clarified on 5/20/2020 (law). (Additional attachment(s) added on 5/20/2020: # 2 Exhibit A *(redacted)*) (law). (Entered: 05/20/2020) |
| 05/20/2020 | 249 | NOTICE OF DOCKET ENTRY CORRECTION as to Saquon Moore re: 248 EMERGENCY MOTION for Compassionate Release. The original Exhibit A has been sealed pursuant FRCP 49.1(a). A redacted version is now attached to 248 and this entry. (law) (Entered: 05/20/2020) |
| 05/22/2020 | | ATTORNEY UPDATE as to Saquon Moore: Jonathan Ophardt, AUSA added for USA pursuant to notification from U.S. Attorney's Office. (law) (Entered: 05/22/2020) |
| 06/02/2020 | 250 | NOTICE OF HEARING as to Saquon Moore re: 248 EMERGENCY MOTION for Compassionate Release via telephone. Motion Hearing set for 6/16/2020 11:00 AM before Judge Christina Reiss.(jbr) (Entered: 06/02/2020) |
| 06/02/2020 | 251 | WAIVER of Appearance and Consent to Participate in Hearing Via Teleconference at Motion Hearing scheduled for 6/16/2020 at 11:00 a.m. as to Saquon Moore. Signed by Judge Christina Reiss on 6/2/2020. (kp) (Entered: 06/02/2020) |
| 06/03/2020 | 252 | RESPONSE in Opposition to 248 EMERGENCY MOTION for Compassionate Release by USA as to Saquon Moore. (Burris, Nathanael) (Entered: 06/03/2020) |

| 06/15/2020 | 253 | SUPPLEMENTAL DOCUMENT(S) by Saquon Moore re: 248 EMERGENCY MOTION for Compassionate Release. (Attachments: # 1 Letter regarding RDAP, # 2 Release Plan, # 3 Offer of Employment, # 4 News Article)(McArthur, Brooks) (Additional attachment(s) added on 6/15/2020: # 5 Medical Records *(sealed)*) (law). (Entered: 06/15/2020) |
|---|---|---|
| 06/15/2020 | 254 | MOTION to File Under Seal *Supplemental Attachment* re: 248 EMERGENCY MOTION for Compassionate Release by Saquon Moore. (McArthur, Brooks) Link added on 6/15/2020 (law). (Entered: 06/15/2020) |
| 06/15/2020 | 255 | NOTICE OF DOCKET ENTRY CORRECTION as to Saquon Moore re: 253 Supplemental Document. The medical records having been received, are now attached to 253 under seal. (law) (Entered: 06/15/2020) |
| 06/16/2020 | 256 | MINUTE ENTRY for proceedings held before Judge Christina Reiss: Motion Hearing as to Saquon Moore held on 6/16/2020 re 248 EMERGENCY MOTION for Compassionate Release. Present via telephone conference: Nathanael Burris, AUSA, Brooks McArthur, Esq., Parish Gibson, USPO, and the dft. Court makes findings re: need for a telephone conference in light of the COVID−19 Orders issued by the court. Court makes inquiries. Statements by counsel. ORDERED: parties to file supplemental memorandum by 6/29/2020. Motion Hearing re: 248 scheduled on 6/29/2020 at 3:00PM before District Judge Christina Reiss via telephone. (Court Reporter: Johanna Masse) (jbr) (Entered: 06/16/2020) |
| 06/16/2020 | 257 | NOTICE OF HEARING as to Saquon Moore re: 248 EMERGENCY MOTION for Compassionate Release. Motion Hearing set for 6/29/2020 03:00 PM before Judge Christina Reiss via telephone. (jbr) (Entered: 06/16/2020) |
| 06/24/2020 | 258 | ORDER granting 254 MOTION to File Under Seal *Supplemental Attachment* re: 248 EMERGENCY MOTION for Compassionate Release as to Saquon Moore (2). Signed by Judge Christina Reiss on 6/24/2020. (kp) (Entered: 06/24/2020) |
| 06/26/2020 | 259 | SUPPLEMENTAL DOCUMENT(S) by Saquon Moore re: 248 EMERGENCY MOTION for Compassionate Release. (Attachments: # 1 Medical Records, # 2 Prescription Information, # 3 RDAP Records)(Williams, David) (Attachments 1, 2 and 3 replaced on 6/26/2020) (law). (Entered: 06/26/2020) |
| 06/26/2020 | 260 | MOTION to File Under Seal Attachments to 259 Supplemental Document by Saquon Moore. (McArthur, Brooks) (Entered: 06/26/2020) |
| 06/26/2020 | 261 | NOTICE OF DOCKET ENTRY UPDATE as to Saquon Moore re: 259 Supplemental Document. The sealed attachments having been received, are now attached to 259 under seal. (law) (Entered: 06/26/2020) |
| 06/26/2020 | 262 | NOTICE of Filing Bureau of Prisons Records by USA as to Saquon Moore re 248 EMERGENCY MOTION for Compassionate Release. (Attachments: # 1 Exhibit A (Document is sealed), # 2 Exhibit B (Document is sealed), # 3 Exhibit C (Document is sealed), # 4 Exhibit D (Document is sealed))(kp) (Entered: 06/26/2020) |
| 06/26/2020 | 263 | MOTION to File Under Seal Exhibits re: 262 NOTICE of Filing Bureau of Prisons Records by USA as to Saquon Moore. (Attachments: # 1 Proposed Order)(kp) (Entered: 06/26/2020) |
| 06/29/2020 | 264 | MINUTE ENTRY for proceedings held before Judge Christina Reiss: Motion Hearing as to Saquon Moore held on 6/29/2020 re 248 EMERGENCY MOTION for Compassionate Release. Present via telephone conference: Nathanael Burris, AUSA, Brook McArthur, Esq., Alyssa Malone, USPO, and the dft. Court makes findings re: need for a telephone conference in light of the covid−19 orders. Court makes inquiries. Statements by counsel and dft. ORDERED: granting 248 EMERGENCY MOTION for Compassionate Release. Court will issue an amended judgment reflecting imposition of a time served sentence followed by 4 years S/R. (Court Reporter: Johanna Masse) (jbr) (Entered: 06/29/2020) |
| 06/29/2020 | 265 | AMENDED JUDGMENT as to Saquon Moore. Signed by Judge Christina Reiss on 6/29/2020. (jbr) (Entered: 06/29/2020) |
| 06/29/2020 | 267 | ORDER granting 260 MOTION to File Under Seal Attachments to 259 Supplemental Document as to Saquon Moore (2). Signed by Judge Christina Reiss on 6/29/2020. |

| | | (kp) (Entered: 06/30/2020) |
|---|---|---|
| 06/30/2020 | 268 | ORDER granting 263 MOTION to File Under Seal Exhibits re: 262 NOTICE of Filing Bureau of Prisons Records by USA as to Saquon Moore (2). Signed by Judge Christina Reiss on 6/29/2020. (kp) (Entered: 06/30/2020) |
| 10/20/2021 | 299 | PROBATION FORM 22 Probation Jurisdiction Transferred to District of New Hampshire as to Saquon Moore. (law) (Entered: 10/20/2021) |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2017 AUG 15  PM 3: 11

CLERK

BY_____

DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:17-cr-005 |
| ) | |
| RASHAD PHILLIPS, aka "P," aka "Paul," ) | |
| aka "Ruger," ) | |
| SAQUON MOORE, aka "Jim," aka "Jay," ) | |
| aka "Six," ) | |
| WILLIAM THEODORE, ) | |
| MICHELLE WEST, ) | |
| JOYCE AUDETTE, aka "Julie," aka "Jo Jo," ) | |
| Defendants. ) | |

## THIRD SUPERSEDING INDICTMENT

### Count One

The Grand Jury charges that:

Between in or about September 2016 and on or about January 24, 2017, in the District of

Vermont and elsewhere, the defendants RASHAD PHILLIPS, aka "P," aka "Paul," aka "Ruger,"

SAQUON MOORE, aka "Jim," aka "Jay," aka "Six," WILLIAM THEODORE, MICHELLE

WEST, JOYCE AUDETTE, aka "Julie," aka "Jo Jo," and others, known and unknown to the

grand jury, knowingly and willfully conspired to distribute fentanyl and cocaine base, Schedule

II controlled substances.

With respect to defendants RASHAD PHILLIPS, SAQUON MOORE, and MICHELLE

WEST, their conduct as members of the conspiracy, including the reasonably foreseeable

conduct of other members of the conspiracy, involved 28 grams or more of a mixture and

substance containing a detectable amount of cocaine base.

(21 U.S.C. §§ 841(a), 841(b)(1)(B), 841(b)(1)(C), and 846)

1

<u>Count Two</u>

The Grand Jury further charges that:

On or about December 1, 2016, in the District of Vermont, defendant RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," knowingly and intentionally distributed fentanyl, a

Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

<u>Count Three</u>

The Grand Jury further charges that:

On or about December 1, 2016, in the District of Vermont, defendant RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," knowingly and intentionally distributed cocaine

base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

3

<u>Count Four</u>

The Grand Jury further charges that:

On or about December 9, 2016, in the District of Vermont, defendant RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," knowingly and intentionally distributed cocaine

base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

<u>Count Five</u>

The Grand Jury further charges that:

On or about December 9, 2016, in the District of Vermont, defendant RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," knowingly and intentionally distributed fentanyl, a

Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

<u>Count Six</u>

The Grand Jury further charges that:

On or about December 22, 2016, in the District of Vermont, defendant RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," knowingly and intentionally distributed fentanyl

and cocaine base, both Schedule II controlled substances.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

<u>Count Seven</u>

The Grand Jury further charges that:

On or about January 5, 2017, in the District of Vermont, defendants WILLIAM

THEODORE and SAQUON MOORE, aka "Jim," aka "Jay," aka "Six," knowingly and

intentionally distributed cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

<u>Count Eight</u>

The Grand Jury further charges that:

On or about January 11, 2017, in the District of Vermont, defendant SAQUON MOORE,

aka "J," aka "Jim," aka "Six," knowingly and intentionally distributed cocaine base, a Schedule

II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

<u>Count Nine</u>

The Grand Jury further charges that:

On or about January 24, 2017, in the District of Vermont, defendant SAQUON MOORE,

aka "J," aka "Jim," aka "Six," knowingly and intentionally distributed cocaine base, a Schedule

II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

9

<u>Count Ten</u>

The Grand Jury further charges that:

On or about January 24, 2017, in the District of Vermont, defendants RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," and SAQUON MOORE, aka "Jim," aka "Jay,"

aka "Six," knowingly and intentionally possessed with the intent to distribute cocaine base, a

Schedule II controlled substance. The offense involved 28 grams or more of a mixture or

substance containing a detectable amount of cocaine base.

(21 U.S.C. §§ 841(a), 841(b)(1)(B); 18 U.S.C. § 2)

## Count Eleven

The Grand Jury further charges that:

On or about January 24, 2017, in the District of Vermont, defendants RASHAD

PHILLIPS, aka "P," aka "Paul," aka "Ruger," and SAQUON MOORE, aka "Jim," aka "Jay,"

aka "Six," knowingly and intentionally possessed with the intent to distribute fentanyl, a

Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

11

## Count Twelve

The Grand Jury further charges that:

Between in or about September of 2016 and in or about April of 2017, in the District of Vermont, the defendant MICHELLE WEST, unlawfully and knowingly managed and controlled 98 Shady Lane, Colchester, Vermont, as occupant, and knowingly and intentionally made available for use this house for the purpose of unlawfully distributing cocaine base, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance.

(21 U.S.C. § 856(a)(2))

<u>Count Thirteen</u>

The Grand Jury further charges that:

On or about May 23, 2017, in the District of Vermont, defendant JOYCE AUDETTE, aka "Julie," aka "Jo Jo," knowingly and intentionally distributed cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

Forfeiture Notice – No. 1

1.      The allegations contained in Count 1 of this Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2.      Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 or 841(a)(1), the defendants RASHAD PHILLIPS and SAQUON MOORE, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:  Approximately $30,000.00 in U.S. currency seized on or about January 25, 2017.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of this court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(21 U.S.C. § 853)

14

A TRUE BILL

FOREPERSON

EUGENIA A. P COWLES (JAO)
Acting United States Attorney
Burlington, Vermont
August 15, 2017

15

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 1

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT

District of Vermont

2018 APR 30  PM 2: 29

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

SAQUON MOORE

)
)
)
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  2:17-cr-005-2

USM Number:  11852-082

Brooks McArthur, Esq.
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)   1sss of the Third Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846,841(b)(1)(B) | Conspiracy to Distribute Fentanyl & 28 Grams or more of | | |
| | Cocaine Base | 1/24/2017 | 1sss |
| | | | |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The  defendant  has  been  found  not  guilty  on  count(s)   Count(s)

☑ ☐   1s,1ss,7s,7ss,7sss,8s,9s,8ss,   ☑ are dismissed on the motion of the United States.
9ss,8sss,9sss,10s,10ss,11s,11ss

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUDGMENT ENTERED ON DOCKET
DATE:  ___4/30/2018___

4/30/2018
Date of Imposition of Judgment

_____
Signature of Judge

Christina Reiss, U.S. District Judge
Name and Title of Judge

4/30/2018
Date

AO 245B (Rev. 02/18)   Judgment in Criminal Case
              Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: SAQUON MOORE | Judgment — Page __2__ of __7__ |
| CASE NUMBER: 2:17-cr-005-2 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

63 months

☑  The court makes the following recommendations to the Bureau of Prisons:

that the dft be allowed to participate in the 500-hour residential drug and alcohol rehabilitation program (RDAP) due dft's persistent problem with substance abuse and criminal thinking.  This will help facilitate his reentry back into his community and finding lawful employment.  If not available for any reason, the dft should be allowed to participate in the non-residential substance abuse treatment. The court recommends that defendant be incarcerated at FCI Berlin to receive RDAP services and to facilitate contact with his family, specifically his mother, who is disabled.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3 --- Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:  SAQUON  MOORE
CASE NUMBER:  2:17-cr-005-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

 4 years

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
              Sheet 3A — Supervised Release

| | | | |
|---|---|---|---|
| Judgment—Page | 4 | of | 7 |

DEFENDANT: SAQUON MOORE
CASE NUMBER: 2:17-cr-005-2

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page   5   of   7

DEFENDANT:  SAQUON MOORE
CASE NUMBER:  2:17-cr-005-2

## ADDITIONAL SUPERVISED RELEASE TERMS

You must comply with the standard conditions of supervision recommended by the Sentencing Commission, as set forth in Part G of the presentence report with the exception of condition l, page 20, section 106.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. Section 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether you have reverted to the use of drugs or alcohol.  You shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.  You must refrain from the use of alcohol and other intoxicants during and after treatment.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: SAQUON MOORE
CASE NUMBER: 2:17-cr-005-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $            0.00 | $            0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/18)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:  SAQUON  MOORE
CASE NUMBER:  2:17-cr-005-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $ __100.00__   due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 1

(NOTE:  Identify Changes with Asterisks (*))

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT

### District of Vermont

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| SAQUAN MOORE | ) Case Number:  2:17-cr-005-2 |
| | ) USM Number:  11852-082 |
| **Date of Original Judgment:**  4/30/2018 | ) Brooks McArthur, Esq. |
| *(Or Date of Last Amended Judgment)* | ) Defendant's Attorney |

2020 JUN 29  PM 4: 05

CLERK

BY

DEPUTY CLERK

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1sss of the Third Superseding Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846,841(b)(1)(B) | Conspiracy to Distribute Fentanyl & 28 Grams or more of | | |
| | Cocaine Base | 1/24/2017 | 1sss |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1s,1ss,7s,7ss,7sss,8s,9s,8ss,   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9ss, 8sss, 9sss, 10s, 10ss, 11s, 11ss  also dismissed

6/29/2020

Date of Imposition of Judgment

**JUDGMENT ENTERED ON DOCKET**

**DATE:**  6/29/2020

Signature of Judge

Christina Reiss, U.S. District Judge

Name and Title of Judge

6/29/2020

Date

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   7

DEFENDANT:  SAQUAN MOORE
CASE NUMBER:  2:17-cr-005-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
time served

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at  _____   ☐   a.m.   ☐   p.m.   on  _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on  _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____   to  _____

at  _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___3___ of ___7___

DEFENDANT: SAQUAN MOORE
CASE NUMBER: 2:17-cr-005-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

4 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | Judgment—Page | 4 | of | 7 |

DEFENDANT:   SAQUAN MOORE
CASE NUMBER:   2:17-cr-005-2

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
                       Sheet 3B — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page    5    of    7

DEFENDANT:   SAQUAN MOORE
CASE NUMBER:   2:17-cr-005-2

## ADDITIONAL SUPERVISED RELEASE TERMS

You must comply with the standard conditions of supervision recommended by the Sentencing Commission, as set forth in Part G of the presentence report with the exception of condition l, page 20, section 106.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. Section 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether you have reverted to the use of drugs or alcohol.  You shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.  You must refrain from the use of alcohol and other intoxicants during and after treatment.

You must comply and follow all Covid-19 Orders issued by the Governor of New Hampshire or any State in which you reside.

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of    7

DEFENDANT:  SAQUAN MOORE
CASE NUMBER:  2:17-cr-005-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | Restitution | Fine | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐   the interest requirement is waived for   ☐   fine   ☐   restitution.

    ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___7___

DEFENDANT:   SAQUAN MOORE
CASE NUMBER:   2:17-cr-005-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $   100.00   due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.